**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **MICHAEL LEE STROPE,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 06-3288-CM** |
| **WILLIAM CUMMINGS, et al.,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Michael Lee Strope, a prisoner at the El Dorado Correctional Facility, brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. Among the defendants named in his original complaint are Jacolyn Loughridge, Rhonda Pitts, and Janet Myers, each of whom are health care providers employed by Correct Care Solutions ("CCS"), a company that contracts with the Kansas Department of Corrections to provide medical services to inmates. Plaintiff claims, *inter alia*, that these three defendants violated his constitutional rights by intentionally denying him medication and a prescribed back brace in retaliation for his filing of grievances. Plaintiff seeks declaratory and injunctive relief and monetary damages. The case is now before the court on Defendants Jackie Loughridge, Rhonda Pitts, and Janet Myers' Motion for Summary Judgment (Doc. 32). For the following reasons, this court grants summary judgment for the defendants.

## I. Factual Background[1]

Defendant Janet Myers was the onsite clinical administrator for CCS at the time relevant to plaintiff's claim. Defendant Jacolyn Loughridge is a registered nurse employed by CCS. Defendant

[1] The court construes the facts in the light most favorable to the non-moving party pursuant to Fed. R. Civ. P. 56. The court has combined the facts proposed by both parties, and included only those that are relevant, material, and properly supported by the record.

Rhonda Pitts is a traveling registered nurse practitioner employed by CCS who was authorized by Dr. Agatha Song, the treating physician, to make certain decisions on medical treatment of inmates.

In mid-2006, plaintiff was evaluated for his back pain and received a prescription for ibuprofen and Robaxin – a muscle relaxant. He was also given a back brace. In late December 2006, plaintiff's Robaxin prescription and his use of the back brace were discontinued.

Plaintiff asserts that the defendants discontinued the Robaxin and took away the back brace in retaliation for certain grievances plaintiff had filed. Defendants, on the other hand, assert that the Robaxin prescription was discontinued due to plaintiff's repeated failure to comply with medical instructions on its use. The back brace was discontinued after defendant Pitts examined plaintiff and determined that the back brace was unnecessary, and that plaintiff instead needed to strengthen his back with exercise.

## II. Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Id.* (citing *Anderson*, 477 U.S. at 248).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of

material fact and entitlement to judgment as a matter of law. *Id.* at 670–71. In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Id.* at 671 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256; *see Adler*, 144 F.3d at 671 n.1 (concerning shifting burdens on summary judgment). The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Anderson*, 477 U.S. at 256. Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler*, 144 F.3d at 671. "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein."[2] *Id.*

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut," rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

**III. Discussion**

The Eighth Amendment's prohibition of cruel and unusual punishment applies to the inadequate provision of medical care to prison inmates. *Estelle v. Gamble*, 429 U.S. 97, 104–106 (1976); *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991). However, only the "unnecessary and

---

[2] Plaintiff's memorandum in support of his response (Doc. 42) asserts that he did not receive a copy of the affidavits of defendants attached to the summary judgment motion. The docket sheet indicates that those affidavits were not attached to the summary judgment motion, but were attached to the *Martinez* report (Doc. 29). According to the certificate of service, that report was sent to defendant at the correct address by first-class mail on March 13, 2008.

wanton infliction of pain" implicates the Eighth Amendment. A prisoner raising such a claim must allege facts showing "deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 104, 106 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976); *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000). The Eighth Amendment's deliberate indifference standard under *Estelle* has two components: an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that the offending officials acted with a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297–98 (1991). With regard to the subjective component, "allegations of 'inadvertent failure to provide adequate medical care' or of a 'negligent . . . diagnos[is]' simply fail to establish the requisite culpable state of mind." *Id*. at 299, 305. To pursue his Eighth Amendment claim against defendants pursuant to 42 U.S.C. § 1983, plaintiff must produce evidence suggesting that defendants showed deliberate indifference to plaintiff's serious medical needs by failing to treat plaintiff's serious condition properly. *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 809 (10th Cir. 1999).

In support of the subjective component, plaintiff states that defendant Pitts was hostile toward him, and suggested to him that if he was healthy enough to file a grievance, he did not need a back brace. He also alleges that the intent to wrongfully deprive him of the back brace was clear when Pitts "[made] plaintiff sit and wait for over an hour on January 2, 2007, just to be seen." In support of these allegations, plaintiff relies only on his own sworn affidavit. Although plaintiff proceeds *pro se* and this court has afforded him some leniency and construed his papers liberally, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the court is mindful that "'unsupported conclusory allegations . . . do not create a genuine issue of fact.'" *Annett v. Univ. of Kan.*, 371 F.3d 1233, 1237 (10th Cir. 2004) (citation omitted).

Nevertheless, even if the court accepts plaintiff's allegations as true, plaintiff's failure to

come forward with evidence to support the objective component is fatal to his claim.[3] Viewed in the light most favorable to plaintiff, the record—including the *Martinez* report,[4] plaintiff's sworn complaint, and properly submitted affidavits and exhibits—and the parties' briefs reveal a lack of evidence that the pain or deprivation of treatment is sufficiently serious to implicate the Eighth Amendment. *C.f. Kikumura v. Osagie*, 461 F.3d 1269, 1293 (10th Cir. 2006) (holding that twelve hours of tormenting, debilitating pain accompanied by severe vomiting sufficiently serious); *Oxendine v. Kaplan*, 241 F.3d 1272, 1278 (10th Cir. 2001) (holding severed finger, reattachment thereof, and subsequent worsening of the wound due to decaying tissue presented a serious medical need for purposes of the Eighth Amendment). Plaintiff attests to his "ongoing pain," but the record reveals that at least one other medical professional has determined plaintiff is managing his back pain adequately, even successfully, with treatment other than the Robaxin and the brace.[5] Although plaintiff may disagree with defendants' course of treatment, disagreement does not support an Eighth Amendment claim. *Perkins*, 165 F.3d at 811; *Clemmons v. Bohannon*, 956 F.2d 1523, 1529

---

[3] Plaintiff suggests that there has not yet been an opportunity for pre-trial discovery, and "some crucial elem[e]nts of the claims might need admissions and interrogatories at the very least." Had plaintiff wished for the court to postpone a ruling on defendants' summary judgment motion, he should have filed a proper motion pursuant to Fed. R. Civ. P. 56(f). Even though plaintiff is *pro se* and this court treats his pleadings liberally, he has failed to specify any reasons why a ruling should be postponed, and this court finds none.

[4] In *pro se* prisoner litigation, the Tenth Circuit endorses the use of a "*Martinez* report," a record compiled by prison officials of the factual investigation of the events in the case. *See Martinez v. Aaron*, 570 F.2d 317, 319 (10th Cir. 1978). The Martinez report "is treated like an affidavit, and the court is not authorized to accept the factual findings of the prison investigation when the plaintiff has presented conflicting evidence." *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991)). Likewise, the *pro se* prisoner's complaint, when sworn and made under a penalty of perjury, is also treated as an affidavit. *See id.* Both serve as evidence for a summary judgment determination. *See id.*

[5] On May 1, 2007, plaintiff was evaluated by Dr. Larry Bumguardner, D.O., and plaintiff reported that he was functioning better and his back pain was adequately controlled on Naprosyn. (Bumguardner Affidavit, Doc. 32-2, at 3).

(10th Cir. 1992). The court therefore grants defendants' motion for summary judgment.

Because defendants are entitled to judgment as a matter of law, the court does not address defendant Janet Myers' claim that she is not subject to liability under 42 U.S.C. §1983.

**IT IS THEREFORE ORDERED** that Defendants Jackie Loughridge, Rhonda Pitts, and Janet Myers' Motion for Summary Judgment (Doc. 32) is granted.

Dated this 17th day of November, 2008, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**