IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MICHAEL LEE STROPE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | No. 06-3288-CM |
| **LOUIS E. BRUCE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Michael Lee Strope, a.k.a. Gordon Strope, a prisoner at the El Dorado Correctional Facility, brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. Among the defendants named in his amended complaint is Joseph Olson, an Assistant Food Service Director of Aramark Correctional Services, L.L.C. ("Aramark"), a company that contracts with the Kansas Department of Corrections to provide food services to inmates. Plaintiff claims, *inter alia*, that defendant Olson, in his private capacity, acted under the color of state and federal laws to deprive plaintiff of his prescribed religious diet. The case is now before the court on Individual Defendant Olson's Motion to Dismiss (Doc. 52). For the following reasons, this court grants the motion.

**I.   Factual Background**

The following facts are largely uncontroverted. Plaintiff was housed at the Hutchinson Correctional Facility at all times relevant to this action. He is on the approved kosher diet and has been since 2003. He has filed numerous grievances – and lawsuits – related to, *inter alia*, the condition of the kitchen and food, and admits that some corrective action has been taken. (*See* Doc. 4, at 4, 11–12.) However, he alleges that defendant violated his First Amendment rights by serving spoiled foods to prisoners on kosher diets (Counts 8); violated his Eighth Amendment rights by

intentionally depriving him of a balanced diet (Count 9); violated the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, by "serving foods on nasty trays, drinks in filthy cups, forcing prisoners to eat with nasty silverware, serving koshers spoiled fruits and wilted salads, and deprivation of a balanced diet by serving koshers the same thing 2–3 days in a row and not following the approved menu" (Count 10); and that this conduct constitutes deliberate indifference, religious persecution, "disparity in treatment," and "a hate crime" (Count 11). (Doc. 4, at 8.) Additionally, plaintiff alleges that defendant retaliated against him for filing grievances (Count 14). For these alleged violations, plaintiff seeks injunctive relief, compensatory, exemplary, punitive, and other miscellaneous damages.

Defendant, on the other hand, asserts that plaintiff's § 1983 and RLUIPA claims fail because Aramark is not a state agency and its employees, including defendant, are not state employees or actors; plaintiff fails to allege facts sufficient to support his claims under the First and Eighth Amendments; and defendant is not a governmental entity to whom the Fourteenth Amendment applies.

**II.  Judgment Standard**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). Under this standard, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a

reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008). "'Plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the [plaintiff 'has] not nudged [its] claims across the line from conceivable to plausible.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court assumes as true all well-pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also* Fed. R. Civ. P. 8(a).[1]

When, as here, a plaintiff is proceeding *pro se*, the court construes his or her pleadings liberally and holds the pleadings to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *McBride v. Deer*, 240 F.3d 1287, 1290 (10th Cir. 2001). The liberal construction of the plaintiff's complaint, however, "'does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based.'" *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court need not accept as true those allegations that state only legal conclusions. *See id*. at 1110 (10th Cir. 1991). The court "will

---

[1] In *pro se* prisoner litigation, the Tenth Circuit endorses the use of a "*Martinez* report," a record compiled by prison officials of the factual investigation of the events in the case. *See Martinez v. Aaron,* 570 F.2d 317, 319 (10th Cir. 1978). In the present case, the parties rely on documents submitted by plaintiff or with the *Martinez* report, and the authenticity of such documents has not been questioned. Therefore, this court may consider these documents without converting the motion to dismiss to one for summary judgment. *See Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991) (*Martinez* reports do not fall within rule that a court ordinarily may not look beyond the pleadings in analyzing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)).

not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (quotations and citations omitted).

### III. Discussion

Section 1983 does not create substantive rights, but merely provides a remedy for deprivations of federal rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985). To sustain a cause of action based on 42 U.S.C. § 1983, a plaintiff must establish two elements: (1) that he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) that the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Both are necessary inquiries. *See Baker v. McCollan*, 443 U.S. 137, 140 (1979) (a necessary inquiry in any § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States); *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) (holding that individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation); *Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976) (holding that personal participation is an essential allegation in a § 1983 action).

**Retaliation Claim**

Plaintiff claims that defendant retaliated against him for exercise of his First Amendment rights by repeatedly serving him spoiled and outdated foods, wilted salads, rotted fruits, under- or overcooked meals of chicken, fish, and soy; and by not following the menu. He alleges that this retaliation occurred in June and July 2006.

To prevail on a § 1983 First Amendment retaliation claim, the Tenth Circuit has held that a plaintiff must prove that "but for" the retaliatory intent of the defendant, the action in question

would not have been taken. *Smith v. Maschner*, 899 F.2d 940, 949–50 (10th Cir. 1990). To meet this burden, a plaintiff must set forth specific evidence "showing retaliation because of the exercise of the prisoner's constitutional rights." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998).

Other than plaintiff's conclusory allegations, there are no facts that would suggest the defendant personally engaged in any retaliatory conduct, or indeed any of the conduct of which plaintiff complains. On the contrary, the materials to which plaintiff refers establish that the prison warden directed plaintiff to address issues with his meal or with specific items immediately with the officer supervising the meal line. (See Doc. 4-2, at 4c.) Because plaintiff failed to do so, his claims could not be investigated, his allegations could not be substantiated, and remedial action could not be taken. Plaintiff's complaint fails to state a plausible claim for relief.

**Free Exercise Clause**

Plaintiff claims defendant violated his First Amendment rights by serving spoiled foods to "koshers," that is, inmates on the approved kosher diet. In support, plaintiff alleges that, on July 28, 2006, the silverware was dirty, the oranges were rotten, and "the carrot salad smelled bad." (Doc. 4, at 7.)

Under the First Amendment, applicable to the States through the Fourteenth Amendment, prisoners are entitled to reasonable opportunities to pursue sincerely held religious beliefs. *Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Makin v. Colorado Dept. of Corrs.*, 183 F.3d 1205, 1209 (10th Cir. 1999). What constitutes a reasonable opportunity is to be evaluated in the context of the legitimate penological objectives which govern prison life. *O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1987).

To state a claim under the Free Exercise Clause of the First Amendment, plaintiff must be able to initially show that defendant substantially burdened his ability to practice his religion. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). Otherwise lawful governmental actions having

incidental effects of making it more difficult to practice certain religions, but having "no tendency to coerce individuals into acting contrary to their religious beliefs[,] do not constitute substantial burdens on the exercise of religion." *Thiry v. Carlson*, 78 F.3d 1491, 1495 (10th Cir. 1996); *see also Mollie v. Ward*, No. 96-7070, 1997 WL 22525 (10th Cir. Jan 22, 1997) (unpublished) (isolated instances of de minimis burdens on a prisoner's free exercise of religion are insufficient to implicate the First Amendment); *White v. Glantz*, No. 92-5169, 1993 WL 53098 (10th Cir. Feb. 25, 1993) (same).

Plaintiff's allegations are conclusory at best, and not supported by the record. However, even assuming the truth of plaintiff's allegations, the court concludes that plaintiff fails to show that the serving of spoiled food substantially burdened his ability to practice his religion. Moreover, plaintiff fails to allege that defendant was personally involved in the serving of any spoiled food or that, if he was, he acted under color of law. Both are essential elements of his claim. *West*, 487 U.S. at 48; *Bennett*, 545 F.2d at 1262–63. The First Amendment claim against this defendant fails.

**Eighth Amendment**

Plaintiff's claims under the Eighth Amendment also fail as a matter of law. Alleged failure to provide meals which conform to a religious protocol does not constitute a violation of the Eighth Amendment. *See LaFevers v. Saffle*, 936 F.2d 1117, 1120 (10th Cir. 1991) (holding that "mere denial of a requested vegetarian diet is insufficient to establish a cognizable Eighth Amendment claim"). Moreover, defendant is not subject to Eighth Amendment liability. "[O]nly prison officials and those to whom they delegate penological responsibilities for prisoners have Eighth Amendment duties and attendant liabilities." *Smith v. Cochran*, 339 F.3d 1205, 1213 (10th Cir. 2003). Plaintiff acknowledges that defendant was the assistant food service director of Aramark. Aramark is a private company that contracts with the Kansas Department of Corrections to provide

food services to inmates. Defendant is not a prison official nor does plaintiff allege that he was delegated any penological responsibilities for prisoners. Thus, plaintiff's Eighth Amendment claim cannot survive defendant's motion to dismiss.

**Fourteenth Amendment**

The Fourteenth Amendment, which prohibits states from denying federal constitutional rights which guarantee due process, applies to acts of states, not to acts of private persons or entities. *Rendell-Baker v. Kohn*, 457 U.S. 830 (1982). Again, defendant is not a governmental entity. Plaintiff's claim for alleged Fourteenth Amendment violations against defendant also fails.

**RLUIPA**

Under RLUIPA, "'no [state or local] government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution,' unless the government shows that the burden furthers 'a compelling governmental interest' and does so by 'the least restrictive means.'" *Kay v. Bemis*, 500 F.3d 1214, 1221 (10th Cir. 2007). Like the Fourteenth Amendment, RLUIPA applies to acts of states, not to acts of private persons or entities. *Rendell-Baker v. Kohn*, 457 U.S. 830 (1982). Defendant is not a governmental entity, thus plaintiff's RLUIPA claim fails.

**IT IS THEREFORE ORDERED** that Individual Defendant Olson's Motion to Dismiss (Doc. 52) is granted.

Dated this 17th day of August 2009, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**